In the Matter of the Estate of GAGE E. TARBELL, Deceased. LOUISE TARBELL, Appellant; SWIFT TARBELL, as Surviving Executor of GAGE E. TARBELL, Deceased, et al., Respondents.— This is an appeal by Louise Tarbell, a legatee

and a residuary legatee under the will of Gage E. Tarbell, deceased, and a creditor of the estate, from an order of the Surrogate's Court of Chenango County, advising and directing the surviving executor to sell the very large farm and stock and tools thereon owned by the estate, to Alice K. Wightman at private sale for the sum of $210,000. Respondents are the other interested parties in the estate. Alice K. Wightman has been employed upon the premises for some forty years — first by decedent and now by the executor — first as bookkeeper, then as assistant farm manager and now as farm manager. She is also a large creditor of the estate and executrix of a deceased coexecutor of the estate. Appellant urges that, (1) Alice K. Wightman's relationship to the estate is such that she is legally barred from becoming a purchaser; and (2) that the assets should be sold at public auction as separate items and that such a method of sale would be more advantageous to the estate. Alice K. Wightman is not an executrix of the estate and is not acting and cannot act as such. As a creditor and employee she stands in no fiduciary relationship to the estate, and the record discloses no fiduciary relationship or other relationship which is inconsistent with her position as a purchaser. There is no legal barrier to a purchase by her. The proceeding was started by the surviving executor by petition asking for the advice and directions of the Surrogate, pursuant to section 215 of the Surrogate's Court Act, as to the "propriety, price, manner and time of sale", suggested a public auction, and asked for "such other and further relief as the Court shall deem proper". Hearings were held, with all interested parties appearing, and testimony of expert witnesses was taken as to the best method of sale. The witnesses expressed opinions that the real and personal property should be sold as a unit, at public auction. Opinions as to value varied. Some were somewhat higher than $210,000. The estimated expenses of a public sale were very substantial and, of course, the actual result of a public sale was uncertain. In the course of the hearings the firm offer of $210,000 at private sale was made, and, upon notice to all interested parties, the Surrogate considered it and finally approved it. All interested parties, except appellant, urged the acceptance of the offer, and now urge it on this appeal as most advantageous to the estate. No other definite offer has been made, although there has been ample opportunity. Because of the unique nature of the property, bidding at a public sale would necessarily be limited. The farm consists of more than 2,000 acres of rather poor land. It is equipped with very extensive buildings, subject to costly maintenance. If the cattle were sold separately it would obviously be very difficult to dispose of the farm. One expert who fixed a higher opinion valuation, testified that a firm offer of $208,000 or even less should be accepted as against the uncertainty and expense of a public sale. The $210,000 net to the estate is well within the range of value established in the record. The estate has been years in the process of liquidation and has been involved in much litigation. There is ample evidence in the record to support the determination of the Surrogate that the sale is for the best interests of the estate. Section 215 of the Surrogate's Court Act grants wide discretion to the Surrogate, and this record discloses nothing to indicate that the discretion was improvidently exercised. Order unanimously affirmed, with one bill of costs to be divided among respondents filing briefs, payable from the estate. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.